UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FARSHAD FARYABI, | ) | CASE NO. C09-0140-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES LAW ENFORCEMENT (BARACK OBAMA), | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Farshad Faryabi, proceeding pro se, filed an application to proceed in forma pauperis (IFP) and a proposed complaint against "United States Law Enforcement (Barack Obama)." (Dkt. 1.) Having reviewed the submitted documents, the Court recommends DENYING the request to proceed IFP and DISMISSING this case without prejudice due to severe deficiencies in the proposed complaint that render it incomprehensible.

In full, Mr. Faryabi's statement of his claim reads: "I am writing this note for US Court regarding my situation without law for [handwriting illegible] of some met[]aph[y]sical violations and telepathic violations. I do not have any statement for telepathy. I cannot take a[.]" (Dkt. 1-2, at 4.) In full, Mr. Faryabi's statement about the relief he seeks reads: "I am

REPORT AND RECOMMENDATION
PAGE -1

writing this note follwin[g] my petition to this court about some organized discrimination for my statement about telepathy. I have some documents about this discrimination about my statement[.]" (*Id.* at 3.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Mr. Faryabi fails to allege sufficient facts to place defendant on notice of the nature of his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). In fact, his statement regarding federal jurisdiction reads "N/A." (Dkt. 1-2, at 2.) Furthermore, any attempts to cure the extreme deficiencies in this case would be futile. Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6). The fact that Mr. Faryabi is not a prisoner does not change this conclusion. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The Court advises Mr. Faryabi of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If Mr. Faryabi files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. If a plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this Court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar

order requirements). The Court notes that Mr. Faryabi has already had another IFP application denied because his proposed action appeared to be frivolous. *See Faryabi v. U.S. Law Enforcement*, No. 07-1867-RSL-JPD, Dkt. 5 (dated Dec. 11, 2007).

Because of the severe deficiencies in Mr. Faryabi's proposed complaint, his application to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies this Report and Recommendation. If Mr. Faryabi believes that the deficiencies outlined herein can be cured by an amendment to his complaint, he should lodge an amended complaint as part of his objections, if any, to this Report and Recommendation.

DATED this 5th day of February, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge